UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL MEDINA CASTANEDA | ) | Case No. CV 14-959 PA(JC) |
| Petitioner, | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |
| DAVID B. LONG, | ) | |
| Respondent. | ) | |

### I. SUMMARY

On February 7, 2014, petitioner Miguel Medina Castaneda ("petitioner"), a California prisoner who is proceeding pro se, formally filed a Petition for Writ of Habeas Corpus (the "Current Federal Petition"). The Current Federal Petition challenges petitioner's 2004 conviction following a jury trial in Riverside County Superior Court Case No. RIF120162 (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

///

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Conviction, Direct Appeal, and State Habeas Petitions

On October 1, 2004, a Riverside County Superior Court jury found petitioner guilty of premeditated attempted murder, assault with a deadly weapon, and active participation in a gang. The jury also found true allegations that in the commission of the attempted murder, petitioner personally used a knife, personally inflicted great bodily injury, and acted for the benefit of a criminal street gang, and that in the commission of the assault, petitioner personally inflicted great bodily injury and acted for the benefit of a criminal street gang.

On December 30, 2005, the trial court sentenced petitioner to a total term of nineteen (19) years to life in state prison.

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from court records in the Central District of California (CDCA) and/or from the dockets of the California state appellate courts (available via http://appellatecases.courtinfo.ca.gov) in the following cases of which this Court takes judicial notice: (1) the instant case; (2) Miguel Medina Castaneda v. Tim Busby, CDCA EDCV No. 11-1170 PA(JC) ("First Federal Petition" or "First Federal Action"); (3) People v. Miguel M. Castaneda, California Court of Appeal (4th Appellate District, Division 2) Case No. E039554; (4) People v. Castaneda, California Supreme Court Case No. S151957; (5) In re Miguel Castaneda on Habeas Corpus, California Court of Appeal (4th Appellate District, Division 2) Case No. E053003 ("First CCA Petition"); (6) In re Miguel Castaneda on Habeas Corpus, California Court of Appeal (4th Appellate District, Division 2) Case No. E058836 ("Second CCA Petition"); and (7) Miguel Medina Castaneda on Habeas Corpus, California Supreme Court Case No. S213229 ("First CSC Petition"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

1  On March 14, 2007, the California Court of Appeal affirmed the judgment.
2 On May 23, 2007, the California Supreme Court denied review.
3  On or about February 28, 2011, petitioner filed the First CCA Petition which
4 the California Court of Appeal denied on March 10, 2011.
5  On or about April 29, 2013, petitioner filed a state habeas petition in the
6 Riverside County Superior Court which such court denied on or about May 2,
7 2013.
8  On or about May 31, 2013, petitioner filed the Second CCA Petition which
9 the California Court of Appeal denied on June 24, 2013.
10  Between on or about July 22, 2013 and on or about September 9, 2013,
11 petitioner filed the First CSC Petition which the California Supreme Court denied
12 on November 26, 2013.

### B.  First Federal Petition/First Federal Action[3]

On October 13, 2011, petitioner filed the First Federal Petition in which he challenged his conviction in the State Case on multiple grounds. On February 2, 2012, judgment was entered denying the First Federal Petition with prejudice and dismissing the First Federal Action with prejudice based on the Court's determination that the First Federal Petition was untimely. On the same date, the Court's order denying a certificate of appealability was entered. Petitioner did not appeal.

### C.  Current Federal Petition

As noted above, on February 7, 2014, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The

---

[3]This Court notes that petitioner has inaccurately attested under penalty of perjury that he has not "previously filed any habeas petitions in any federal court with respect to this judgment of conviction". (Current Petition at 7 [response to question 9], 8 [certification under penalty of perjury that foregoing is true and correct]). Petitioner is admonished that falsely representing facts to the Court can, among other things, subject petitioner to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

3

record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[4]

### III.   DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant

///

---

[4]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

guilty of the underlying offense.  <u>Nevius v. McDaniel</u>, 104 F.3d 1120, 1120-21 (9th Cir. 1997); <u>Nevius v. McDaniel</u>, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); <u>but</u> <u>see</u> <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); <u>Henderson v. Lampert</u>, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), <u>cert. denied</u>, 546 U.S. 884 (2005); <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); <u>Reyes v. United States</u>, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was denied as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits.  See <u>McNabb</u>, 576 F.3d at 1030.  Accordingly, the Current Federal Petition is successive.  Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

///
///
///
///

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.

DATED: March 13, 2014

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE